IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

MARTIN C. MELTZER           :
                            :
        Plaintiff,           :
                            :
   v.                        :   Civil Action No. 11-563-RGA
                            :
CITY OF WILMINGTON,         :
                            :
        Defendant.           :

### MEMORANDUM ORDER

The Court having considered Defendant's Motion for Summary Judgment (D.I. 17), as well as the papers filed in connection therewith;

**IT IS HEREBY ORDERED**, for the reasons discussed below, that:

1.  Defendant's Motion for Summary Judgment is **GRANTED IN PART** and **DENIED IN PART**.

2.  Plaintiff filed a complaint against Defendant in the Superior Court of Delaware on December 26, 2007 (D.I. 22) alleging that Defendant "discriminated against him based on his age, retaliated against him for participating in protected activity, placed him on unpaid leave in violation of his due process rights, and breached his employment contracts." *Meltzer v. City of Wilmington*, 2011 WL 1312276, at *1 (Del. Super. Ct. April 6, 2011), *aff'd*, 36 A.3d 350 (Del. 2012).

3.  Defendant asserts that the present action should be dismissed as a matter of law in accordance with the doctrines of *res judicata* and collateral estoppel because the factual and legal

issues in this case are the same as in the state court action. The court examines three factors to determine whether to apply *res judicata*: "(1) final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action." *Lubrizol Corp. v. Exxon Corp.*, 929 F.2d 960, 963 (3d Cir. 1991). "If each of these three factors are present, the court must dismiss, as precluded by *res judicata*, any claim that was previously raised or which could have been raised previously." *Roberts v. White*, 698 F.Supp.2d 457, 460 (D. Del. 2010). Collateral estoppel applies when "(1) a question of fact essential to the judgment, (2) [was] litigated and (3) determined (4) by a valid and final judgment." *Taylor v. State*, 402 A.2d 373, 375 (Del. 1979). "Essentially, *res judicata* bars a court . . . from reconsidering conclusions of law previously adjudicated while collateral estoppel bars relitigation of issues of fact previously adjudicated." *Hsu v. Wolpoff & Abramson L.L.P.*, 2009 WL 3046141, at *3 (D. Del. Sept. 21, 2009) (citations omitted), *aff'd sub nom. Hsu v. Great Seneca Fin. Corp.*, 378 Fed. Appx. 196 (3d Cir. 2010).

4. In *Morgan v. Covington Township*, the Third Circuit adopted the bright line rule that "*res judicata* does not bar claims that are predicated on events that postdate the filing of the initial complaint." 648 F.3d 172, 178 (3d Cir. 2011). The court reasoned that, "A contrary rule would only invite disputes about whether plaintiffs could have amended their initial complaints to assert claims based on later-occurring incidents." *Id.*

5. Plaintiff's claim for retaliation in the present action is based on the five allegations that he "suffered adverse [employment] consequences in the form of a written disciplinary warning, the refusal of the City to hold a due process hearing, the unreasonable demands of the City for a Committee opinion (which it chose not to follow), the materially

2

adverse change to Plaintiff's job duties, and being placed on unpaid leave (without pay or benefits for a period of over two months)." (D.I. 1 at ¶ 23).

6. Plaintiff alleges that the written disciplinary warning was issued in February 2007 (D.I. 1 at ¶ 10), ten months before Plaintiff filed the state court action. Therefore, the claim that the written disciplinary warning constituted retaliation could have been brought in the state court action and is barred by *res judicata*. *See Roberts*, 698 F.Supp.2d at 460. Accordingly, summary judgment is granted in favor of Defendant as to the claim that Defendant retaliated against Plaintiff by issuing a written disciplinary warning.

7. The Plaintiff's complaint alleges that the four other acts of retaliation took place in or after July 2008, January 2008, October 2008, and July 2008. (D.I. 1, ¶¶ 13, 17, 19). Thus, following *Morgan*, they are not barred by res judicata as claims that could have been raised previously. There remains the issue whether they actually were raised previously.

8. The Superior Court did address Plaintiff's claim that the City denied him a due process hearing, demanded the Ethics Opinion, and placed him on unpaid leave, but the Superior Court addressed these claims in the context of Plaintiff's due process and breach of contract claims in the state court action. *See Meltzer*, 2011 WL 1312276, at *14-15. These claims were not analyzed under the *Burlington Northern* standard in the context of an age-based retaliation claim.[1] *See Burlington Northern v. White*, 548 U.S. 53 (2006). These claims were not "the

---

[1] Plaintiff filed a separate charge based upon age-based retaliation with the EEOC in September 2008. (D.I. 20, Ex. A at ¶ 2). However, the EEOC did not issue a right to sue letter until March 2011. (D.I. 1 at ¶ 6). Defendant argues that Plaintiff could have requested the right to sue letter as early as March 2009 and could have amended his complaint in the state court action to include his retaliation claim. Defendant, thus, argues that Plaintiff should be barred from bringing this claim in the instant action. *Morgan* holds otherwise.

3

same cause of action" as the present retaliation complaint. Thus, they are not barred by *res judicata*, and Defendant's motion for summary judgment is denied as to these claims.

9. Finally, with respect to the allegation concerning materially adverse changes to Plaintiff's job duties, Defendant makes three arguments. First, Defendant asserts that Plaintiff's job duties changed because the Ethics Opinion dictated that the City change his job duties. (D.I. 21 at 4). It is not clear that the Ethics Opinion requires that the Plaintiff can never work on labor and employment matters. Rather, the opinion states that the City is required to "take appropriate measures to minimize the risk of conflict, such as avoiding the assignment to [Plaintiff] of cases and projects involving the same or similar factual or legal issues raised in his lawsuit." (D.I. 21-1 at 16). To the extent Plaintiff argues that the Ethics Opinion permits him to work on at least some labor and employment matters, there is a disputed material issue of fact. Second, Defendant contends that this issue was explored in discovery in the state action. (D.I. 21 at 4). The few snippets of deposition testimony to which Defendant points (less than three pages) are not evidence that this issue was explored thoroughly in discovery in the state action nor evidence that further discovery in the instant action would be repetitious or overly burdensome. (D.I. 21-1 at 4, 19). The limits of permissible discovery are irrelevant to the *res judicata* argument. Third, Defendant argues that this is a claim that could have been brought in the state court action. (D.I. 21 at 4). *Morgan* refutes the third argument. Accordingly, Defendant's motion for summary judgment is denied as to Plaintiff's claim that Defendant retaliated against him by changing his job duties.

10. The Defendant's papers are not very clear on its collateral estoppel theory. The gist seems to be that the Superior Court found that the alleged retaliatory acts were not adverse

4

employment actions. There is a portion of the Superior Court's opinion where it finds various city actions were not adverse employment actions, *Meltzer*, 2011 WL 1312276, at *10-11, but the actions considered were not the same ones at issue in this litigation. Finding that some of the actions at issue in this litigation did not constitute a breach of contract or constitute a due process violation is not a question of fact essential to the judgment in this case.

Entered this 5th day of July, 2012.

/s/ Richard G. Andrews
Hon. Richard G. Andrews
United States District Judge